UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 5:06cr42-DCB

JIMMY SMITH                                                    DEFENDANT

## ORDER

This cause is before the Court on the defendant's Motion for Reduction of Sentence [docket entry no. 17], wherein the defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On June 4, 2007, the defendant entered a plea of guilty to one count of bribery and one count of possessing with the intent to distribute cocaine base, i.e., crack cocaine. The original sentence imposed for Count 4, the possession count, was 188 months imprisonment, 60 months supervised release and a $100.00 special assessment per count.[1] According to information provided by the

---

[1] The Court also imposed a 120 month imprisonment and a 36 month term of supervised release for Count 1, the bribery count, to run concurrently with the sentence for Count 4.

United States Probation Office, Smith was held accountable for 265.3 net grams of cocaine base, which provided for a base offense level of 34. A two-level enhancement was applied for possession of a dangerous weapon. A three-level reduction was granted for acceptance of responsibility, resulting in a total offense level of 33. He was in a criminal history category of II. The applicable guideline range for a total offense level of 33 and a criminal history category of II was 151 to 188 months. Smith was sentenced to 188 months imprisonment, the maximum under the guidelines.

After the defendant was sentenced, Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses, went into effect on November 1, 2007. The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

On August 1, 2008, the defendant filed the instant Motion for Reduction of Sentence. That Motion now is before the Court.

Based on the amended guidelines, the base offense level for the defendant's offense is 32, rather than 34. Factoring in the two-level dangerous weapon enhancement and the three-level

acceptance of responsibility downward departure, the defendant's new total offense level is 31.  The guideline sentencing range for a total offense level of 31 with a criminal history category of II is 121 to 151 months.  The defendant asks the Court to reduce his sentence to 121 months, the minimum under the guidelines.

When the defendant initially was sentenced, the Court imposed a sentence at the top of the guideline range based on its conclusion that, due to the expungement of several prior criminal acts, the defendant's criminal history was vastly under-represented.  Rather than impose an upward departure, the Court sentenced the defendant at the top of the guideline range, 188 months.  The Court applies the same rationale now in declining to sentence the defendant to the guideline minimum.  Accordingly, the Court reduces the defendant's sentence from 188 months to 130 months of imprisonment.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant Jimmy Smith's sentence be, and is hereby, reduced from 188 months to 130 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 2nd day of March 2009.

s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**
