IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


UNITED STATES OF AMERICA

VS.                                   CRIMINAL NO. 5:06-cr-42(DCB)(JCS)
                                      CIVIL ACTION NO. 5:08-cv-268(DCB)(JCS)

JIMMY SMITH                                                    DEFENDANT


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Jimmy Smith ("Smith")'s motion to vacate sentence pursuant to 28 U.S.C. § 2255 (**docket entry 21** in criminal no. 5:06-cr-42). Having carefully considered the motion and the United States' response, as well as the memoranda of the parties and the applicable law, the court finds as follows:

On June 4, 2007, Smith pleaded guilty to Count 1, bribery concerning programs receiving Federal funds and Count 4, possession with the intent to distribute cocaine base, in violation of Title 18, United States Code, Section 666 and Title 21, United States Code, Section 841(a)(1)respectively. Smith pleaded guilty pursuant to a written plea agreement in which he "expressly waived" the right to appeal the conviction and/or sentence imposed in his case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waived the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion

brought under 28 U.S.C. § 2255. (Ct. Rec., Doc. 16, ¶15).

On October 14, 2007, this Court sentenced Smith to a total of 188 months of imprisonment, to be followed by a five year term of supervised release, and ordered him to pay a $200.00 special assessment. (Ct. Rec., Doc. 13). On August 1, 2008, the defendant filed a motion for reduction of sentence based on the amendment to U.S.S.G. § 2D1.1, which reduces base offense levels for crack cocaine by 2 levels, and which applies retroactively. On March 2, 2009, the Court granted the defendant's motion for reduction of sentence (Ct. Rec., Doc. 17), based upon the amendments to the sentencing guidelines, and re-sentenced the defendant to a total of 130 months imprisonment. (Ct. Rec., Doc. 32). However, the Court did not reduce the defendant's sentence to the minimum under the amended guidelines, as requested by the defendant, inasmuch as it found that the defendant's prior "expungement of several prior criminal acts was vastly underrepresented." (Ct. Rec., Doc. 32, p. 3).

Smith now moves to vacate, set aside, or correct his sentence. He raises a claim challenging his legal representation at his entry of guilty plea, his sentencing, and thereafter. (Movant's Memorandum, p. 1). However, he is barred from obtaining relief by the specific terms of his plea agreement.

As a condition of his plea, Smith waived his rights to appeal his conviction and sentence and to seek any postconviction relief.

Paragraph 15 of the Plea Agreement filed on June 4, 2007, and

signed and dated by the defendant and his counsel, clearly states:

> 15. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and
>
> c. any right to seek attorneys fees and/or costs under the "Hyde Amendment," as codified in Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and
>
> d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.
>
> e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved

> by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.
>
> The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

(Ct. Rec., Doc. 16, ¶15).

On June 4, 2007, as part of his plea agreement, Smith voluntarily agreed to forego his right to collaterally attack his conviction and sentence. His voluntary decision to plead guilty served to waive all non-jurisdictional defects, including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). The Fifth Circuit will uphold a defendant's waiver of post-conviction relief and also apply it to ineffective assistance of counsel claims provided the waiver was knowing, intelligent, and voluntary. See United States v. Wilkes, 20 F.3d 651, 653–54 (5th Cir. 1994)(rejecting defendant's ineffective assistance of counsel claim and finding defendant "bound by his plea agreement" waiving his right to seek Section 2255 relief).

As the Fifth Circuit has stressed, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or

the plea itself." <u>United States v. White</u>, 307 F.3d 336, 343 (5th

Cir. 2002). <u>See</u> <u>also</u> <u>McGee v. United States</u>, 2002 WL 31298860, at

*1 (N.D. Tex. Oct. 8, 2002)(relying on <u>White</u> as controlling

authority in barring claim under § 2255 of ineffective assistance

of counsel at sentencing, based on defendant's waiver). Given the

voluntariness of Smith's guilty plea and appeal waiver, the Court

finds an informed waiver of his right to seek post-conviction

relief. Accordingly, Smith's explicit waiver of his right to

appeal and his waiver of the right to contest his conviction and

sentence serves to bar his claims.

Notwithstanding his waiver of the right to seek Section 2255

relief, Smith raises a claim which revolves around his plea and

sentencing hearing and his counsel's alleged ineffectiveness in not

pursuing an appeal of his conviction and sentence. (Movant's

Memorandum, pp. 3-4). Not only is Smith precluded from pursuing

these claims by his waiver of his post-conviction rights, his

claims are also without merit and provide no basis for Section 2255

relief.

Normally,"any deficiencies in counsel's performance must be

prejudicial to the defense in order to constitute ineffective

assistance under the Constitution." <u>Strickland v. Washington</u>, 466

U.S. 668, 692 (1984). In order to establish prejudice, a convicted

defendant "must show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  Accord, Smith v. Puckett, 907 F.2d 581, 584-585 (5th Cir. 1990).  A failure to establish either of the Strickland prongs makes it unnecessary to examine the other.  Buxton v. Lynaugh, 879 F.2d 140, 142 (5th Cir. 1989).  In this case, neither prong is established by the defendant's conclusory allegations.

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Strickland, 466 U.S. at 697.

Smith first argues that his guilty plea was not knowingly and voluntarily made because his counsel advised him that he would receive a sentence of no more than 13 years.  (Movant's Memorandum, pp. 5-6).  This assertion by the defendant is contrary to his counsel's recollection.  The defendant's counsel at the time, Richard Rehfeldt, states that prior to the defendant's plea of guilty, he advised the defendant of two possible sentences.  The first from 121 to 151 months, and the second from 151 to 188 months if the Court were to apply a gun enhancement.  Mr. Rehfeldt states that after consultation on this matter with his client, the defendant believed it was in his best interest to plead guilty. (Affidavit of Richard Rehfeldt, ¶¶ 5-7).

6

Prior to his entering a plea of guilty, the defendant was advised by the Court of the maximum sentence he could receive if he pled guilty. The defendant was told by the Court that he was facing not less than 10 years and up to life in prison if he pled guilty to Count 4 of the Indictment. (Ct. Rec. Doc. 25, pp. 6-7). The Court also advised the defendant that it could impose a sentence either more severe or less severe than the United States Sentencing Guidelines, and the defendant indicated that he understood that the Court could impose such a sentence. (Ct. Rec., Doc. 25, p. 12). The Court further advised the defendant that the guidelines were advisory and not mandatory. (Ct. Rec., Doc. 25, p. 11).

The Court also inquired whether the defendant had reviewed the plea agreement and whether he understood it. The defendant acknowledged that he had reviewed and did understand the plea agreement. (Ct. Rec., Doc. 25, p. 12). When asked by the Court whether he was entering his plea of guilty voluntarily, the defendant responded "I do so voluntarily." (Ct. Rec. Doc., 25, p. 10).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" Fisher v. Wainwright, 584 F.2d 691, 693 (5ᵗʰ Cir. 1978)(quoting Brady v. United States, 397 U.S. 742,749 (1970). In considering a challenge to a guilty plea, courts have focused on the absence of coercion,

the defendant's understanding of the charges, and a realistic understanding of the consequences of a plea of guilty. <u>United States v. Gracia</u>, 983 F. 2d 625, 627-28 (5th Cir. 1993).

The plea colloquy in this case clearly reflects that the defendant understood that he could receive a sentence longer than 13 years and that the Court was not bound by the plea agreement in sentencing the defendant. It also reflects that the defendant understood the consequences of his entering a plea of guilty. The record does not support the defendant's assertion that his plea was involuntary.

The defendant next asserts that his counsel was ineffective for not citing relevant case law to dissuade the Court from applying a 2-point enhancement under U.S.S.G. §2D1.1(b)(1). (Movant's Memorandum, p. 7). The defendant entered a plea of guilty to Count 4 of the Indictment charging him with possessing, with the intent to distribute, "crack" cocaine. The indictment alleges that this incident occurred on November 21, 2005.

Based upon the relevant conduct of the defendant under U.S.S.G. §1B1.3, the pre-sentence report reflected that a Warren County Mississippi Deputy arrested the defendant on April 23, 2002 after he discovered crack cocaine and a .380 pistol in the defendant's vehicle. As the gun was found in the same vehicle as the cocaine, the Court applied the two-level enhancement under U.S.S.G. §2D1.1(b)(1)which provides for a two-level enhancement if

a firearm is possessed during a drug trafficking offense. The burden of proof is upon the government to show by a preponderance of the evidence that a temporal and spatial relationship existed between the firearm and the drug trafficking activity. United States v. Vasques, 161 F.3d 909, 912 (5th Cir. 1998). The pre-sentence report can be considered reliable in making the factual determinations required by the sentencing guidelines. United States v. West, 58 F.3d 133, 138 (5th Cir. 1995). This enhancement has been held proper when a controlled substance was found in the bed of a truck and two firearms were found in the cab of the truck. United States v. Jacquinot, 258 F3d. 423 (5th Cir. 2001).

Although the defendant did not submit any case law specifically addressing the issue, the Court did consider the objection and evaluated the issue. (Ct. Rec., Doc. 24, p. 4). However, the defendant argues that defense counsel should have cited United States v. Booker, 543 U.S. 220 (2005) for the proposition that since the defendant did not admit to possession of the firearm the Court should not have allowed the enhancement. (Movant's Memorandum, p. 8). Other than Booker, the defendant does not cite any other authority that the Court's application of the 2-level enhancement under §2D1.1(b)(1)was improper.

Under Booker, this Court, "while not bound to apply the [Sentencing] Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 264. In the wake of

the Booker decision, this Court is frequently called upon to make factual findings in order to determine the appropriate Guidelines result, but the Court is not bound by the Guidelines and may consider other factors referred to in Title 18, United States Code, Section 3553(a).  Under Booker, so long as the Court recognizes that the Guidelines are no longer binding, the Court is not limited to the facts admitted at the time of plea in making its sentencing findings.  Nor does the offense level determined based on these admitted facts constitute a "statutory maximum" such that any sentence based on additional enhancements violates the defendant's Sixth Amendment rights.  Id.  Rather, as long as the Court understands that it is not bound by the Sentencing Guidelines, the Court is entitled to make appropriate findings, including findings as to sentencing enhancements, as part of its obligation to "consult [the] Guidelines and take them into account."  Id.

Smith objects to the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because he did not admit to "possession of any gun." (Movant's Memorandum, p. 8).  However, given that the challenged sentencing enhancement serves only the purpose of generating a Guidelines result that is not binding on the Court, a sentencing finding based on such an enhancement neither offends Booker nor amounts to a due process violation.  In addition, the defendant has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

10

have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 697.  As part of his plea agreement, the defendant also waived his rights for a jury to determine any factual basis relating to his sentencing.  (Plea Agreement, ¶ 15(e)).  Inasmuch as the defendant agreed to allow the Court to resolve any sentencing issues and to consider relevant conduct, the defendant cannot show that his counsel was ineffective in not citing case law.

Finally, the defendant alleges that his counsel was ineffective during his representation of the defendant for not filing an appeal when requested to do so.  Other than a blanket assertion, the defendant offers no other evidence that he advised his counsel that he wanted to appeal.  (Movant's Memorandum, p. 10).  Smith alleges that he advised attorney Rehfeldt to file an appeal, after his sentencing hearing, because the defendant disputed the Court's sentence.  (Movant's Memorandum, p. 10).  As previously discussed, Smith knowingly waived his right to appeal his conviction and sentence in his plea agreement.  However, failure to file a requested notice of appeal is <u>per se</u> ineffective assistance of counsel even if the defendant has waived his right to appeal his conviction and sentence, and has waived his right to collaterally attack his conviction.  <u>United States v. Tapp</u>, 491 F.3d 263 (5th Cir. 2007).  The burden is upon the defendant to prove

by a preponderance of the evidence that he requested the appeal. If he is able to do so, he will be entitled to an out-of-time appeal even if he unable to identify a grounds for appeal. Id. at 266.

The defendant's attorney, Mr. Rehfeldt, recalls that the defendant asked him if he could appeal. However, Mr. Rehfeldt does not recall the defendant advising him to appeal and there is no indication in his records concerning discussions of an appeal. (Affidavit of Richard Rehfeldt, ¶ 10). The defendant has offered no evidence of any written request that he sent to his attorney to appeal nor has he offered any evidence of telephone communications he had with his counsel to appeal his case within the appealable period. The defendant has therefore failed to meet his burden of proof in establishing that he requested an appeal.

The Court also finds that there is no need for an evidentiary hearing. An evidentiary hearing is not required pursuant to 28 U.S.C. § 2255 if the motion, files, and record or recollection of the case show the defendant is entitled to no relief. See United States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989).

Inasmuch as the defendant has failed to meet the criteria for relief under 28 U.S.C. § 2255, the defendant's motion is without merit and shall be denied. Accordingly,

IT IS HEREBY ORDERED that the defendant Jimmy Smith's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 21** in

criminal no. 5:06-cr-42) is DENIED, and this civil action is dismissed with prejudice.  A separate judgment in compliance with Fed.R.Civ.P. 52 shall issue.

SO ORDERED, this the 30th day of June, 2010.


/s/ David Bramlette
UNITED  STATES  DISTRICT  JUDGE